All concurred, except CHESTER and HOUGHTON, JJ., dissenting.

Order reversed, with ten dollars costs and disbursements.

---

Supreme Court, Westchester Special Term, July, 1904. Unreported.

In the Matter of the Petition of GEORGE E. McCOY for an Order Revoking and Cancelling Liquor Tax Certificate No. 17,382, Issued to CLIFTON E. FORBUSH.

GARRETSON, J.: It is unnecessary to review the evidence in this proceeding at length, for it is ample to warrant the finding that the respondent was the proprietor of the business of both the "Hotel Raleigh" and the "Café Raleigh" at the time he applied for and received the certificate authorizing him to traffic in liquors at the place last named. It is also inferable therefrom that the arrangement of the café or saloon with an entrance on Depew street, yet wholly within the hotel building, was but a contrivance to enable him to carry on the liquor business in connection with the hotel. Under all of the circumstances disclosed by the evidence, the hotel building must be regarded as the place where the traffic in liquor was intended to be carried on.

Inasmuch as the centre of the nearest entrance of the hotel is within two hundred feet of the centre of the nearest entrance to the Methodist Episcopal church, the statement to the contrary in the respondent's application for the certificate must be deemed not to be in accordance with the fact. Such being the case, it is also untrue that no other business was to be carried on in connection with the liquor traffic.

Respondent has also failed to procure the requisite consents of the owners of buildings occupied exclusively as dwellings and situated within two hundred feet of his place of business. He says in his application that there are ten such dwellings, and has produced what purports to be the consents as to nine of them.

Two-thirds, or seven of these, is the essential number; as to three he has consents signed by W. H. H. MacKellar, one of the executors of, &c. of R. MacKellar, deceased. The will of the testator shows that the executors have a mere naked power of sale, and that the testator devised his real property to his children in fee. The statute requires the consent of the owners, which the executor as such was not. Mr. MacKellar may perhaps be regarded as having consented as the owner of one undivided interest, but that is not sufficient; the consent of all of the co-owners is necessary.

The testimony by which it is sought to show that Mr. MacKellar was authorized to sign for his co-owners does not prove the fact. The utmost that can be said of it is that they allowed him to manage the property as he deemed best, and that they were afterwards willing to ratify his act. These consents were executed by the executor on February 25, 1903. The application for the liquor tax certificate was sworn to by the respondent on August 12, 1903, and presented to the county treasurer August 21, 1903. On July 2d, 1903, by deed of that date, the executors by virtue of the power of sale, conveyed the premises to one Dora Solkin. Even though these consents should be regarded as valid, the conveyance of the premises by the executors prior to the making of the application by the respondent operated to revoke the consents. It follows that it was also not a fact, as stated in the application, that the respondent had obtained the consent of the owners of two-thirds of the dwellings within a radius of two hundred feet.

It may be observed that assuming the respondent's contention to be right that his business was restricted to the saloon room, his statement was still further at variance with the facts when he said that the adjoining room was entirely separated therefrom by a solid partition at least three inches thick, extending from floor to ceiling without any opening therein, while the fact appears that there was a window in such partition having top and bottom sashes hung upon weights though fastened with a bolt.

From the foregoing the conclusion is unavoidable that the prayer of the petitioner should be granted.

Certificate revoked with costs as in a special proceeding.